Randy J. Cox
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone:  (406) 543-6646
Facsimile:   (406) 549-6804
rcox@boonekarlberg.com

Robert E. Johnston
Marchello D. Gray
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639
rjohnston@hollingsworthllp.com
mgray@hollingsworthllp.com

*Attorneys for Defendant Monsanto Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TERRY KNOX and CAROLYN "COKE" KNOX,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY and KERRY YATES,<br><br>Defendants. | **DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Monsanto

Company ("Monsanto"), hereby gives notice of removal of this action, captioned

*Terry Knox and Carolyn "Coke" Knox v. Monsanto Company and Kerry Yates*, bearing cause number DDV-19-0211, from the Montana Eighth Judicial District Court, Cascade County, to the United States District Court for the District of Montana, Great Falls Division.  Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal:

## INTRODUCTION

1.     In this products liability lawsuit, Plaintiffs Terry Knox and Carolyn "Coke" Yates ("Plaintiffs") sue Monsanto Company ("Monsanto") and Kerry Yates ("Mr. Yates") for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control.  Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiffs allege that Mr. Terry Knox ("Mr. Knox") developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto glyphosate-based herbicides.

2.     This is one of many lawsuits that have been filed in state and federal courts across the country against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. 2016); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016). Monsanto intends to seek the transfer of this lawsuit to that MDL proceeding and will provide prompt notice to the Judicial Panel on Multidistrict Litigation ("JPML") of this action pursuant to the procedure for "tag along" actions set forth in the Rules and Procedures of the JPML.

3.     Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiffs are residents and citizens of Montana. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). In an attempt to defeat complete diversity and the right to remove, Plaintiffs assert claims against Mr. Yates, a Monsanto employee and Montana resident and citizen. As set forth in detail below, however, Plaintiffs' bare bones allegations indicate that Mr. Yates, an individual employee, has been fraudulently joined in this lawsuit for the sole purpose of defeating jurisdiction. As a federal court has aptly noted, given the relative financial positions of most companies

versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity. *Ayoub v. Baggett*, 820 F. Supp. 298, 299 (S.D. Tex. 1993) (defendant corporation's employee fraudulently joined). Indeed, Judge Lovell of this district has upheld the removal of another action naming an out-of-state diverse defendant's individual Montana employee. *Strizic v. Northwestern Corp.*, No. CV 14-40-H-CCL. 2015 WL 1275404 at *2 (D. Mont. Mar. 19, 2015). Other district courts in this Circuit have similarly held that individual employees were fraudulently joined in actions and denied remand. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151 (2009); *DaCosta v. Novartis AG*, No. CV-01–800-BR, 2002 WL 31957424, at *10 (D. Or. Mar. 1, 2002)

4.     Accordingly, this Court should hold that it has subject matter jurisdiction and that removal is proper based on complete diversity of citizenship because Plaintiffs fraudulently joined Mr. Yates, which means that the presence of the in-forum defendant must be disregarded when the Court evaluates the issue of diversity jurisdiction and the propriety of removal notwithstanding the presence of an individual Montana employee defendant.

## BACKGROUND AND PROCEDURAL HISTORY

5.     Plaintiffs commenced this lawsuit in the Montana Eighth Judicial District Court, Cascade County by filing a complaint, captioned *Terry Knox and*

*Carolyn "Coke" Knox v. Monsanto Company and Kerry Yates*, bearing cause number DDV-19-0211, on or about April 4, 2019 (the "State Court Action").

6.      Pursuant to § 1446(a), true and correct copies of the Summons and Complaint, as well other process, pleadings, and orders served upon Monsanto in the State Court Action or otherwise available from the state court's website are attached collectively as **Exhibit 1.**

7.      Plaintiffs' Complaint asserts the following product liability claims against both defendants: Strict Product Liability – Design Defect, Strict Liability – Failure to Warn, Negligence, Breach of Express Warranty, and Breach of Implied Warranty of Merchantability.

8.      Plaintiffs seek damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides.  *See* Complaint ¶¶ 10, 54.

9.      Specifically as to Mr. Yates, Plaintiffs allege that in his capacity as a Monsanto sales representative he promoted Roundup® and was aware of Mr. Knox's use of Roundup® and failed to warn him of alleged dangers.  *Id.* ¶ 3.  Plaintiffs also broadly allege that Mr. Yates marketed, promoted, and warrantied Roundup® used by Mr. Knox.  *Id.* at ¶¶ 62, 70.

10.      Kerry Yates is currently employed by Bayer/Monsanto as a Chemistry Account Manager/Sales Rep.  *See* **Exhibit 2**, Declaration of Kerry Yates at ¶ 1.  He has been in this position since 1979.  *Id.*  Mr. Yates' job is, and has always been, to

provide support to distributors and retailers of Bayer/Monsanto products regarding product performance issues. *Id.* at ¶ 2. He is not a retailer or wholesaler of Roundup® or any glyphosate based product, and has never solicited any sales of Roundup®. *Id.* at ¶ 3. He does not take, deliver, or receive payment for individual customer orders. *Id.* at ¶ 4. In his role, Mr. Yates does not receive any pecuniary benefit from the promotion or sale of Roundup® other than the salary and incentives paid by his employer, Bayer/Monsanto, for the fulfillment of his duties on behalf of the corporation. *Id.* at ¶ 9.

11.     Contrary to Plaintiffs' bald unsubstantiated allegation that Mr. Yates was aware of Mr. Knox's use of Roundup®, Mr. Yates has no personal relationship with the Plaintiffs and has no recollection of ever interacting with them, either personally or professionally. *Id.* at ¶ 7. As such, Mr. Yates has no malice or ill will towards Plaintiffs. *Id.* at ¶ 8.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

12.     Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules

of the state," *id.* (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship, *id.* Moreover, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Id.* at 1068 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). As shown herein, the affidavit of the non-diverse individual employee defendant demonstrates Plaintiffs' failure to state a cause of action against him (even if the causes of action might otherwise state a claim against an individual employee). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants. 28 U.S.C. § 1441(b)(2).

13.     Monsanto is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Missouri. Compl. ¶ 2. Accordingly, Monsanto is deemed to be a citizen of Delaware and Missouri for purposes of federal diversity jurisdiction.

14.     Defendant Kerry Yates is, and was at the time the State Court Action was filed, a resident and citizen of the State of Montana. *Id.* ¶¶ 3, 5.

7

15.     Plaintiffs are citizens of the State of Montana.  *Id.* ¶ 1.

16.     In this case, Plaintiffs sued Mr. Yates with the sole purpose of preventing removal due to lack of diversity jurisdiction and/or due to the forum defendant rule.  However, as discussed below, Mr. Yates has been fraudulently joined and his inclusion in this case does not defeat diversity.

17.     Counts I and II of Plaintiffs' Complaint assert Strict Product Liability Claims for Design Defect and Failure to Warn. *See* Compl. pp. 11-13.  These claims are governed by Montana Code Annotated § 27-1-791, which establishes a cause of action for strict product liability.  *See Winters v. Country Home Prods., Inc.*, 654 F. Supp. 2d 1173, 1180, 1182 (D. Mont. 2009).

18.     Section 27-1-791 establishes liability for the "seller" of a defective product.  A seller is defined as manufacturer, wholesaler, or retailer.  Mont. Code. Ann § 27-1-791(1).  It is clear from the plain language of the statute that Mr. Yates does not qualify as a seller.  As a Chemistry Account Manager, Mr. Yates does not personally manufacture Roundup®.  *See* Yates Decl. ¶ 5.  Nor is he seller or distributor of Roundup®.  *Id.* at ¶¶ 3-4.

19.     Montana case law also establishes that Mr. Yates is not a seller under Section 27-1-901.  In Montana, an agent of the manufacturer/seller is not considered a seller and is thus shielded from strict liability.  *See Keuffer v Mossberg Corp.*, No. DV-11-547B, 2016 WL 9725260, at *4 (Mont. Dist. Aug. 18, 2016) (finding

auction house that sold allegedly defective used rifle was the agent of the manufacturer and could not be liable under statute). Mr. Yates is an agent of the manufacturer and is thus not considered a seller.

20. Because Mr. Yates is not considered a seller under Section 27-1-901, Plaintiffs do not have any viable strict liability claims against him.

21. For similar reasons, Plaintiffs' Count IV (Breach of Express Warranty) and Count V (Breach of Implied Warranty of Merchantability) also fail to assert plausible claims against Mr. Yates. Those warranty claims are governed by the Montana Uniform Commercial Code – Sales (the "UCC"). *See* Mont. Code Ann. Tit. 30, Ch. 2. Sections 313 (express warranties) and 314 (merchantability) of the UCC both create liability for a "seller" who fails to fulfill certain contractual obligations. Mont. Code. Ann § 30-2-313, -314.

22. The statute defines a "seller" as "a person who sells or contracts to sell goods." *Id*. at § 30-2-103. As set forth herein previously, Mr. Yates does not sell Roundup. *See* Yates. Decl. ¶¶ 4-5. He has never sold, contracted to sell, or even provided Roundup® to Mr. Knox. *Id*. As such, he does not qualify as a seller under § 30-2-103. Because he does not qualify as seller under the statute, the provisions do not apply to him and Plaintiffs cannot bring their warranty claims against him.

23. Count III of Plaintiffs' Complaint is a pure negligence claim against both Defendants. However, Plaintiffs allege very little negligent and/or tortious conduct

specific to Mr. Yates.  Plaintiffs only make 2 conclusory statements – that Mr. Yates marketed, promoted, and warrantied Roundup® to Mr. Knox, and that he failed to warn Mr. Knox of alleged dangers.  *See* Compl. ¶¶ 3, 62, 70.  In reality, almost the entirety of Plaintiffs' contentions regarding Mr. Yates' alleged negligence are made simply by lumping him into the complaints about Monsanto's conduct with the use of the term "Defendants".

24.     Under Montana law, corporate employees are generally shielded from liability for allegedly negligent acts taken on behalf of the corporation in the course of their employment.  *Philips v. Mont. Ed. Ass'n*, 187 Mont. 419, 425-6, 610 P.2d 154, 158 (Mont. 1980).  An individual employee may only be held liable if he is personally negligent, *i.e.* acting in his own financial interest as opposed to the employer's interest, or with intent to harm the particular plaintiffs.  *Id.*; *see also Harrell v. Farmers Educ. Coop. Union*, 2013 MT 367 ¶¶ 45-51, 373 Mont. 92, 105, 314 P.3d 920, 932 (D. Mont. 2013).

25.     A plaintiff's failure to allege facts against an individual employee warranting piercing the corporate shield constitutes a failure to state a claim upon which relief can be granted.  *See Strizic v. Northwestern Corp.*, 2015 WL 1275404 at *2.  In *Strizic*, a former Northwestern Corporation employee brought suit against his employer and a managerial employee (the non-diverse defendant) in her individual capacity for a denial of a short-term disability claim.  *Id.* at *1.  The court

held that by failing to plead any facts upon which it could infer that the employee acted independently or against the interests of the corporation with her own pecuniary interest in mind thus piercing the corporate shield, the plaintiff failed to allege a plausible claim. *Id.* at 2-3. As such, Judge Lovell of this district granted the defendant employee's Motion to Dismiss and upheld removal by the employer because the employee had been fraudulently joined. *Id.*

26.     The case at hand is analogous to *Strizic*. Plaintiffs do not allege that any of Mr. Yates's actions were outside the scope of his employment with Monsanto. Nor do Plaintiffs allege that Mr. Yates undertook any actions against the best interest of Monsanto for his own pecuniary benefit. Finally, Plaintiffs do not allege any type of personal relationship or interaction with Mr. Yates such that there is any indication of malice or ill will on his part. As such, Plaintiffs have not pled a plausible claim against Mr. Yates to pierce the shield of corporate liability afforded to employees.

27.     Even beyond the face of Plaintiffs' Complaint, any involvement of Mr. Yates' may have had with respect to Roundup® do not give way to a cognizable claim. First and foremost, he has no personal or professional relationship with the plaintiffs. *See* Yates Decl. ¶ 7. He does not sell Roundup® and has never personally provided Roundup® to Mr. Knox. *Id.* at ¶¶ 3-4, 7. Moreover, he has no knowledge of Mr. Knox's use of Roundup® and has never had a conversation with him regarding his use of Roundup®. *Id.* at ¶ 7. Because Mr. Yates has no relationship with the

11

Plaintiffs, there is no way that he can have any malice or ill will towards them. *Id*. at ¶ 8.

28.    Mr. Yates has not engaged in any activities promoting the sale or use of Roundup® outside the scope of his employment. *Id.* at ¶ 10.  All of his actions promoting and supporting the sale or use of Roundup® have come as part of his employment and in an effort to further the corporate interests of his employer. *Id*. Moreover, he has never received any pecuniary benefit outside of those offered by his employer for his work toward furthering the interests of his employer. *Id*. at ¶ 9.

29.    It has long been the law in Montana that "[a]s a matter of public policy, the officers and agents of a corporation must be shielded from personal liability for acts taken on behalf of the corporation in furtherance of corporate goals, policies and business interests." *Little v. Grizzly Mfg*., 195 Mont. 419, 425, 636 P.2d 839, 842 (Mont. 1981).  Mr. Yates is no more than a corporate employee whose actions were taken solely in furtherance of the goals of his employer, thus there are no grounds to hold him personally liable for any alleged tortious of the company.

30.    It should be noted that in the event Mr. Yates is deemed to be a "seller" as defined in the Montana strict product liability statute or the UCC, any and all actions he engaged in as a seller still occurred within the scope of his employment and in furtherance of his employer's interests. *See* Yates Decl. ¶ 10.  The same public policy concerns that shield him from liability for acts under a common-law

negligence theory would be applicable in the product liability and commercial sales contexts.  The principle from *Little* is unchanged and Mr. Yates cannot be held liable for actions on behalf of his employer, so Plaintiffs do not have a viable claim against him even if he is deemed to be a seller.

31.     Plaintiffs' Count VI – Loss of Consortium is a derivative claim for damages allegedly stemming from the allegations in Counts I – V.  As set forth herein, those counts do not represent viable claims against Mr. Yates.  Therefore, Plaintiffs derivative loss of consortium claim is non-viable.

32.      Because Plaintiffs cannot present any viable claim against Mr. Yates, he is fraudulently joined.  This Court should disregard the citizenship of Mr. Yates when assessing whether Plaintiffs' claims have removed to this tribunal.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067.  Disregarding Mr. Yates, complete diversity of citizenship exists in this matter.

33.     The Complaint seeks compensatory and punitive damages based on allegations that Monsanto's Roundup®-branded herbicides caused plaintiffs to develop cancer (NHL).  Therefore, it is plausible from the face of the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement.  28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332.").  In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in this Court and other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

34.     In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Monsanto and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

35.     The Montana Eighth Judicial District Court, Cascade County, is located within the District of Montana, Great Falls Division.  Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

36.     Monsanto received notice of process on April 11, 2019.  This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(3).

37.     Defendant Kerry Yates' consent to removal is not required because he has not been "properly joined," 28 U.S.C. § 1446(b)(2)(A).

14

38.    The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Montana Eighth Judicial District Court, Cascade County, and will be promptly served on Plaintiffs.

39.    Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

40.    If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## CONCLUSION

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED this 13th day of May, 2019.

/s/ Randy J. Cox
Randy J. Cox
BOONE KARLBERG P.C.
*Attorneys for Defendant Monsanto Company*

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of May, 2019, the foregoing was duly

served on the following by the means indicated:

|   |   |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| __2__ | U.S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-Mail |

1.    Clerk of U.S. District Court

2.    A. Clifford Edward
      Triel D. Culver
      A. Christopher Edwards
      John W. Edwards
      EDWARDS, FRICKLE & CULVER
      1648 Poly Drive, Suite 206
      Billings, Montana 59102
      *Attorneys for Plaintiffs*

                              /s/ Randy J. Cox
                              Randy J. Cox
                              BOONE KARLBERG P.C.
                              *Attorneys for Defendant Monsanto Company*